UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD SCHOLTZ, ) | CASE NO. 1:11 CR 014 |
| ) | 1:13 CV 1785 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | MEMORANDUM OPINION |
| Respondent. ) | AND ORDER |
| ) | |

This matter comes before the Court upon Petitioner Edward Scholtz's Motion for Relief from Judgment, pursuant to Fed. R. Civ. P. 60(b). (ECF #76). Petitioner, *pro se*, seeks an order granting him relief from this Court's September 20, 2013 Order (ECF # 74) denying Petitioner's Motion under 28 U.S.C.S. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF #69). On January 22, 2015 Respondent United States of America, by and through its counsel, filed a response in opposition to Petitioner's Motion for Relief. (ECF #79). After careful consideration of the pleadings and a review of all relevant authority, Petitioner's Motion for Relief (ECF #76) is hereby transferred to the United States Court of Appeals for the Sixth Circuit.

In seeking relief, Scholtz alleges he received ineffective assistance of counsel with respect to his section 2255 petition, and therefore, his procedural default in failing to appeal the denial of his section 2255 motion should be excused. Counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Generally, there is no constitutional right to an attorney in collateral proceedings.

See *Coleman*, 501 U.S. at 752. Since there was no constitutional right to counsel for the proceeding in question, any alleged errors are borne by Scholtz. *Coleman*, 501 U.S. at 754.

Scholtz's motion does not attack the substance of the court's resolution of his section 2255 motion, but instead raises concerns about the integrity of the section 2255 proceedings. Although labeled a Rule 60(b) motion, the present motion is properly construed as a second or successive section 2255 motion in substance. See *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

Under 28 U.S.C.S. § 2244 (b)(3)(A), federal prisoners seeking to file a second or successive section 2255 motion must request from the appropriate court of appeals an order authorizing the district court to consider the second or successive request. Scholtz has not sought authorization from the Sixth Circuit to file this petition. This Court is without jurisdiction to entertain a second or successive section 2255 petition unless authorized by the Sixth Circuit. As the present motion is properly construed as a second or successive section 2255 motion, this Court must transfer the motion to the Sixth Circuit for preauthorization. 28 U.S.C.S. § 1631; *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

For the foregoing reasons, the Court ORDERS the Clerk of the Court to transfer this petition to the United States Court of Appeals for the Sixth Circuit for consideration. The Clerk is directed to close this case without entry of a judgment.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: April 15, 2015